UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>           Plaintiff,    )<br>    vs. )<br>  )<br>PAUL J. DESFOSSES )<br>  )<br>           Defendant. )<br>_____) | Case. No.  CV04-330-E-EJL<br><br>**MEMORANDUM ORDER** |

Plaintiff United States of America (the "Government") brings a renewed motion for summary judgment, asking the Court to grant declaratory and injunctive relief upon finding, as a matter of law, that Defendant Paul J. DesFosses "has entered upon National Forest System to conduct putative mining operations in violation of regulations . . .; has violated his approved operating plan . . . ; and that he has failed to obtain an approved operating  plan to maintain structures." (Compl. at 1-2). Defendant,  proceeding pro se, has opposed the motion. The motion is now ripe.  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

---

[1]     See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998) (holding that "a district court can decide [summary judgment] without oral argument if the parties . . . . ha[ve] had an adequate opportunity to provide the trial court with evidence and a memorandum of law").

**MEMORANDUM ORDER - 1**

**Procedural Background**

On March 31, 2005, the Court entered an Order denying the Government's first Motion for Summary Judgment and Injunctive Relief. That Order sets forth in detail the applicable legal framework underpinning the Government's lawsuit and the undisputed facts relevant to this matter; the Court incorporates that discussion herein. (Order of March 31, 2005, docket no. 35). Subsequent to that decision, the Government filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. The Government's motion was supported by extensive documentation and additions to the record. (See docket nos. 38-41, 44, 57-63). On October 21, 2005, the Court entered an Order granting the Motion for Preliminary Injunction after finding that the Government's new evidentiary submissions established both a likelihood that the Government would prevail on the "merits of its claims" and that "immediate and irreparable environmental injury is likely to be caused by Paul DesFosses and/or his agents in the absence of injunctive relief." (Order of October 21, 2005, docket no. 64 at p. 3). The Preliminary Injunction has remained in place throughout the subsequent course of this litigation.

Following the entry of the Preliminary Injunction, the Government filed the Renewed Motion for Summary Judgment, relying in large part on the declarations and other evidence filed in support of the Motion for Preliminary Injunction and on the Administrative Record ("AR"). While the Defendant has opposed the Renewed Motion for Summary Judgment on the merits, he appears not to contest the appropriateness of entertaining a motion for summary judgment for a second time. Furthermore, the parties recently have agreed that the Government's lawsuit is a matter that should be decided by the Court and not by a jury. (See docket nos. 77, 81 & 85). Consistent with this understanding, the Court believes it appropriate and efficient, in order to conserve the resources of

**MEMORANDUM ORDER - 2**

both the parties and Court, to consider the merits of the Government's Renewed Motion for Summary Judgment.

## Standards

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. <u>Adams v. Synthes Spine Co.</u>, 298 F.3d 1114, 1116-17 (9th Cir. 2002).

## Discussions

**1. The Mill Site**

The Turquoise Mountain Placer No. 1 Mill Site ("Mill Site") is associated with and adjacent to the Turquoise Mountain Mine Placer Claim("Mining Claim"), and contains numerous structures and improvements. The Government contends that the Defendant has no approved plan of operation that would permit the Defendant to construct and/or maintain the structures and improvements on the Mill Site.

In 1982, the Forest Service conducted an Environmental Assessment of the Mining Claim and Mill Site ("EA"). In a 1982 Decision Notice, the Forest Service tentatively approved a "Modified Operating Plan" for the Mill Site. However, final approval of the Modified Operating Plan was expressly conditioned upon the Defendant posting "a bond to guarantee removal of all facilities and improvements constructed." (EA, II., C).

Evidence now submitted by the Government shows that the Defendant never posted the full amount of the requisite $2,000 bond so as to trigger approval of the Modified Operating Plan for the Mill Site. (<u>See</u> e.g., AR 000758, AR 000767, AR000769 & AR 002357). As the Government correctly notes, the documents submitted by Defendant in an effort to contest this issue all relate

**MEMORANDUM ORDER - 3**

either to his attempt to properly bond the Mining Claim after implementation of the1986 Operating Plan and/or relate to a different mining site. Therefore, there is no genuine issue of material fact that Defendant failed to fully bond the Mill Site within the required time-frame. Accordingly, the Forest Service never approved, nor was it required to approve, the Modified Operating Plan for the Mill Site. Defendant, therefore, is maintaining structures and facilities at the Mill Site without the necessary approved plan of operation. The Government is entitled to entry of summary judgment on this issue and appropriate declaratory and injunctive relief.

**2. The Mining Claim**

With regard to the Mining Claim, the EA provided that "[s]ignificant surface disturbance work requiring operation of mechanized equipment and construction or placement of new facilities will require review and approval in advance . . . ." (EA, II., C., General, 1.). In 1986, the Forest Service approved an operating plan that permitted road construction and mechanized activity at the Mining Claim (the "1986 Operating Plan"). However, the 1986 Operating Plan imposed certain requirements, restrictions, and mitigation measures related to the road construction. (Reply (docket no. 112), Ex. 1, Addendum to EA).

Evidence submitted by the Government demonstrates that starting in the year 2001, the Defendant engaged in unauthorized road building activities at the Mining Claim that violated the terms and conditions of the 1986 Operating Plan. (See e.g., docket nos. 38-41, 44, 57-63; Renewed Statement of Material Facts, Exs. A, B, C, D, E, F, G, H & I). Defendant's response to this evidence is based on conjecture, speculation and conclusory assertions. (See e.g., Def's Br. in Objection to Renewed Mot. for Summ.J. at p. 9-12). This is inadequate to raise a genuine issue of material fact as to Defendant's non-compliance with the 19986 Operating Plan. The Government, therefore, is

**MEMORANDUM ORDER - 4**

entitled to entry of summary judgment, including the requested declaratory and injunctive relief, on its causes of action related to the Defendant's unauthorized activities at the Mining Claim.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Plaintiff's Motions to Strike (docket nos. 89, 90 & 92) and the Plaintiff's Motion in Limine (docket no. 79) are rendered **MOOT** by this Order, and that Plaintiff's Renewed Motion for Summary Judgment (docket no. 73) is **GRANTED** and summary judgment is entered in favor of the Plaintiff on the substantive causes of action set forth in the Complaint.

Accordingly, the Court **FURTHER ORDERS** the following declaratory and injunctive relief:

1. Defendant DesFosses has constructed and is maintaining structures and improvements on the Turquoise Mountain Placer No. 1 Mill Site without an approved plan of operation, in violation of federal laws and regulations.

2 Defendant DesFosses is restrained and enjoined from occupying or using, or allowing others to occupy or use, the structures on the Turquoise Mountain Placer No. 1 Mill Site until he submits a proposed plan of operation to the Forest Service, obtains approval of a plan of operation from the Forest Service, and complies with the plan of operation as may be approved by the Forest Service.

3. Defendant DesFosses has engaged in unauthorized road building, including excavation of earth and removal of trees and other vegetation, on the Turquoise Mountain Mine Placer Claim in non-compliance with the 1986 approved operating plan, in violation of federal laws and regulations.

**MEMORANDUM ORDER - 5**

4. Defendant DesFosses is restrained and enjoined from any further mechanized activities, including extending and/or constructing roads, excavation of earth, trenching, mining and removal of trees and vegetation, on the Turquoise Mountain Mine Placer Claim until he submits a modified plan of operation for the Turquoise Mountain Mine Placer Claim to the Forest Service, obtains approval of a modified plan of operation from the Forest Service, and complies with the modified plan of operation as may be approved by the Forest Service.

DATED: **September 22, 2006**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 6**